IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DANNY R. ALEJANDRO,                §
TDCJ-CID NO. 1321539,             §
                                   §
            Petitioner,            §
                                   §
v.                                 §
                                   §    CIVIL ACTION NO. H-08-2809
NATHANIEL QUARTERMAN, Director,    §
Texas Department of Criminal       §
Justice, Correctional              §
Institutions Division,             §
                                   §
            Respondent.            §

## MEMORANDUM OPINION AND ORDER

Danny R. Alejandro, proceeding _pro se_, filed a Petition for a
Writ of Habeas Corpus by a Person in State Custody ("Fed. Writ
Pet.") (Docket Entry No. 1) under 28 U.S.C. § 2254 challenging his
state court conviction for felon in possession of a firearm and a
Memorandum in Support ("Pet. Memo") (Docket Entry No. 7).
Respondent Quarterman has filed a Motion for Summary Judgment with
Brief in Support (Docket Entry No. 16).[1]  Also pending before the
court are Alejandro's (1) application to proceed in forma pauperis
(Docket Entry No. 8);[2] (2) submittal in support of his ineffective

---

[1]Alejandro filed a Reply to Respondent's Motion for Summary
Judgment on January 23, 2009 (Docket Entry No. 23).

[2]The court received Alejandro's application to proceed in
forma pauperis on October 15, 2008.  However, Alejandro failed to
sign or fill in the document with the requisite information (Docket
Entry No. 8).  Therefore, the court will deny the application.

assistance of counsel claim (Docket Entry No. 17); (3) Motion for Discovery (Docket Entry No. 18); (4) First Motion for Extension of Time to Respond to Respondent's Answer (Docket Entry No. 19); (5) Motion for Evidentiary Hearing (Docket Entry No. 20); (6) Motion for Prehearing (Docket Entry No. 21); (7) Motion for Appointment of Counsel (Docket Entry No. 22); (8) Cross-Motion for Summary Judgment (Docket Entry No. 24); and (9) Motion to Recall the Mandate (Docket Entry No. 25). For the reasons discussed below, the court will grant Quarterman's motion for summary judgment and deny Alejandro's petition for a writ of habeas corpus. The court will also deny Alejandro's motions for discovery, for an evidentiary hearing, for a prehearing, for appointment of counsel, cross-motion for summary judgment, and motion to recall the mandate. Alejandro's motion for an extension of time is moot.

### I.  Procedural History and Claims

Alejandro was indicted on November 19, 2004, for burglary of a habitation, and on May 13, 2005, for felon in possession of a firearm. I C.R. at 14; Ex parte Alejandro, No. WR-44,756-03, at 83 (Tex. Crim. App. July 30, 2008). For the burglary offense, Alejandro pleaded not guilty. However, a jury found him guilty on August 12, 2005. I C.R. at 74. On August 15, 2005, the court sentenced him to 50 years' imprisonment to run concurrently with his other conviction. I C.R. at 75-76. For the possession of a firearm offense, Alejandro pleaded guilty; and on August 15, 2005,

he was sentenced to serve 50 years' imprisonment.  <u>Ex parte</u> <u>Alejandro</u>, No. WR-44,756-03, at 84.

Alejandro filed a direct appeal in both cases, but his convictions were affirmed.  <u>Alejandro v. State</u>, No. 14-05-00904-CR, 2006 WL 3743073 (Tex. App. -- Houston [14th Dist.] Dec. 21, 2006, pet. ref'd) (mem. op., not designated for publication); <u>Alejandro v. State</u>, No. 14-05-00905-CR, 2006 WL 1766171 (Tex. App. -- Houston [14th Dist.] June 29, 2006, pet. ref'd) (mem. op., not designated for publication).  Alejandro then filed two petitions for discretionary review with the Texas Court of Criminal Appeals ("TCCA").  <u>Alejandro v. State</u>, No. 026-07 (Tex. Crim. App. 2007); <u>Alejandro v. State</u>, No. 070-07 (Tex. Crim. App. 2007).[3]  Both were refused -- one on March 7, 2007, and the other on August 22, 2007.  <u>Id.</u>

Alejandro collaterally challenged his felon-in-possession-of-a-firearm conviction by filing an application for a state writ of habeas corpus on May 21, 2008.  <u>Ex parte Alejandro</u>, No. WR-44,756-03, at 2.  This application was denied on July 30, 2008, without written order on findings of the trial court without hearing.  <u>Id.</u> at cover.  The court does not have any records of Alejandro filing a state application for a writ of habeas corpus for the burglary conviction.

_____

[3]PDR number available at the CCA website at <u>www.cca.courts. state.tx.us/opinions/casesearch.asp</u> (last visited on June 22, 2009).

-3-

Alejandro filed this petition for a writ of habeas corpus on September 5, 2008 (Docket Entry No. 1).[4] [5]  The court understands Alejandro's petition to assert the following grounds for relief:

1.  The trial court erred by:

    a.  denying his motion to suppress;

    b.  accepting his guilty plea in violation of his protection against double jeopardy; and

    c.  allowing statements to the jury that his enhancements were final convictions;

2.  He was denied effective assistance of trial counsel because his attorney:

    a.  failed to investigate or object to a defective indictment;

    b.  failed to secure an expert "tile" witness for the defense;

    c.  failed to investigate and call alibi witnesses, or present their affidavits;

    d.  failed to investigate his prior convictions;

    e.  failed to object to testimony of a conversation during a 911 call concerning the need for emergency assistance; and

    f.  failed to file a motion for speedy trial;

---

[4]"Under the 'prison mailbox rule,' a pro se prisoner's federal habeas corpus petition is deemed filed when the prisoner delivers it to prison officials according to the proper prison procedures." Starns v. Andrews, 524 F.3d 612, 616 n.1 (5th Cir. 2008). Alejandro declares that he placed the petition in the prison mailing system on September 5, 2008 (Docket Entry No. 1 at 9). Therefore, the court considers the petition filed on September 5, 2008.

[5]Because Alejandro was convicted and sentenced in Harris County, Texas, this court has jurisdiction over Alejandro's petition pursuant to 28 U.S.C. § 2241(d).  See 28 U.S.C. § 2241(d) (2000); Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000).

> 3. He was denied effective assistance of appellate
>    counsel because his appellate counsel failed to
>    raise legal and factual sufficiency of the evidence
>    on appeal and failed to investigate the facts
>    surrounding Juanita Harris' testimony.

Fed. Writ Pet. at 7-8.

Although several of these claims clearly relate only to Alejandro's conviction for burglary, Alejandro states in his petition and brief in support that he is only challenging his felon-in-possession-of-a-firearm conviction (Cause No. 1026952). Fed. Writ Pet. at 2; Pet. Memo at 8. Quarterman contends in his summary judgment motion that to the extent Alejandro is challenging his conviction for aggravated burglary, those claims are time-barred (Docket Entry No. 16 at 7-11). Quarterman also contends that the challenge to the aggravated burglary conviction would not be subject to equitable tolling and should therefore be dismissed.[6] Id. In his reply brief Alejandro again asserts clearly and repeatedly that he does not intend to challenge his burglary conviction in this habeas proceeding. (See Docket Entry No. 23 at 1, 3, 9.)[7] Because Alejandro does not seek to challenge the

---

[6]Quarterman cites Bowles v. Russell, 127 S. Ct. 2360 (2007), as holding that equitable tolling likely does not apply to the AEDPA. However, the Fifth Circuit in United States v. Petty, 530 F.3d 361, 364 n.5 (5th Cir. 2008), specifically stated that Bowles does not apply to the AEDPA and held that the AEDPA is subject to equitable tolling.

[7]Alejandro explains that he is not challenging his conviction for burglary at this time because he still has a habeas application challenging that conviction pending in state court. Quarterman has
(continued...)

aggravated burglary conviction in this petition, the court will
refrain from ruling on the merits of claims arising from that
conviction and from deciding whether those claims would be time-
barred, and, if they were time-barred, whether they would qualify
for equitable tolling.  The court finds that claims 1(c), 2(b),
2(c), 2(e), and 3 relate only to Alejandro's conviction for
burglary.  Accordingly, the court will not consider them.[8]  The
court addresses Alejandro's remaining claims below.[9]

## II.  Standards of Review

### A.  Summary Judgment

A court grants summary judgment when "the pleadings,
depositions, answers to interrogatories, and admissions on file,

---

[7](...continued)
not provided the court with any records from that proceeding, but
Alejandro has provided the court with (1) a copy of a portion of a
court order dated May 29, 2008, directing Alejandro's trial counsel
to submit affidavits related to their representation of Alejandro
in cause number 1003546-A, and (2) a copy of a letter dated
November 14, 2008, from the TCCA to Alejandro notifying him that
the court has not yet received his writ of habeas corpus regarding
cause number 1003546-A from the district court.  (See Docket Entry
No. 25, at Exhibits.)

[8]To the extent any of these claims conceivably relate to
Alejandro's conviction for felon in possession of a firearm, the
court concludes that none of them constitute a jurisdictional
defect or that Alejandro's counsel provided such ineffective
assistance as to render his guilty plea involuntary.  See United
States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000) (holding that
a defendant waives all non-jurisdictional defects when he
voluntarily pleads guilty, except when counsel's ineffectiveness
renders the plea involuntary).

[9]To the extent, if at all, that these remaining claims relate
to Alejandro's conviction for burglary, the court does not address
them.

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are facts that may "affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The party moving for summary judgment bears the initial burden of proving the absence of any genuine issues of material fact. Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). Once the movant has met this burden, the non-movant must establish that there is a genuine issue for trial. Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998). If the non-movant is unable to meet this burden, the motion for summary judgment will be granted. Fed. R. Civ. P. 56(c).

When considering a summary judgment motion, the court usually resolves any doubts and draws any inferences in favor of the non-moving party. Hunt v. Cromartie, 119 S. Ct. 1545, 1551-52 (1999). In a habeas corpus proceeding, however, 28 U.S.C. § 2254(e)(1) mandates that findings of fact made by a state court are "presumed to be correct." This statute overrides the ordinary summary judgment rule. Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002), overruled on other grounds by Tennard v. Dretke, 124 S. Ct. 2562 (2004). Therefore, the court will accept any findings of fact

-7-

made by the state court as correct unless the habeas petitioner can rebut the presumption of correctness by clear and convincing evidence.  <u>Id.</u>

**B.    Liberal Construal of <u>Pro Se</u> Petitions**

In a habeas case the court should liberally construe the petitions of <u>pro se</u> prisoner litigants.  <u>See</u> <u>Haines v. Kerner</u>, 92 S. Ct. 594, 595-96 (1972) (per curiam).  Procedural rules must give way at times "because of the unique circumstance of incarceration." <u>McNeil v. United States</u>, 113 S. Ct. 1980, 1984 (1993) (citing <u>Houston v. Lack</u>, 108 S. Ct. 2379 (1988)).  Overall, the court holds <u>pro se</u> complaints to "less stringent standards than formal pleadings drafted by lawyers." <u>Haines</u>, 92 S. Ct. at 596.

**C.    Habeas Corpus**

The provisions of Section 2254(d) set forth "a highly deferential standard for evaluating state-court rulings." <u>Lindh v. Murphy</u>, 117 S. Ct. 2059, 2066 n.7 (1997).  A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[P]ure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), and questions of fact are reviewed under § 2254(d)(2)."  Martin v. Cain, 246 F.3d 471, 475-76 (5th Cir. 2001).

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  Williams v. Taylor, 120 S. Ct. 1495, 1523 (2000).  A decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."  Id.

### III.  Analysis

### A.  Exhaustion of State Remedies for Claim 2(f)

Quarterman asserts in his motion for summary judgment that one of Alejandro's claims is unexhausted (Docket Entry No. 16 at 7). Specifically, Quarterman contends that Alejandro never brought claim 2(f), in which Alejandro claimed his trial counsel deficiently failed to file a motion for speedy trial, in either his state habeas petition or in his direct appeals.  Id. at 31. Therefore, Quarterman asserts that this claim is procedurally defaulted pursuant to Texas' abuse of writ doctrine.  Id. at 31-32.

-9-

Federal courts may not grant habeas relief to state prisoners unless they have first exhausted all remedies available in state court. 28 U.S.C. § 2254(b)(1). In order to properly exhaust state remedies a state prisoner must "fairly present" all of his claims to the state court. Picard v. Connor, 92 S. Ct. 509, 512 (1971). An unexhausted claim that would be procedurally barred in state court is procedurally defaulted from habeas review in federal court unless the petitioner can show cause and actual prejudice. Nobles v. Johnson, 127 F.3d 409, 423 n.33 (5th Cir. 1997).

The Texas abuse of writ doctrine procedurally bars a successive claim by a petitioner that raises grounds that could have been raised in a previous petition, unless the petitioner can show cause. Nobles, 127 F.3d at 423. The Texas abuse of writ doctrine is an adequate state procedural bar foreclosing federal habeas review. Coleman v. Quarterman, 456 F.3d 537, 542 (5th Cir. 2006).

The records of Alejandro's direct appeals and his state habeas application contain no mention of this claim. Thus, Alejandro has not "fairly present[ed]" this claim to the state courts. In order to properly exhaust this claim, Alejandro would need to file a successive state habeas petition. However, Alejandro has not alleged, much less established, cause explaining why he was not able to raise this claim in his first state habeas petition. Therefore, Alejandro's claim would be procedurally barred under the

Texas abuse of writ doctrine. Because the claim would be procedurally barred in state court, it would be procedurally defaulted from federal habeas review unless Alejandro can overcome the default by showing cause and actual prejudice. See Nobles, 127 F.3d at 423 n.33.

In order to show cause the petitioner must "establish that an external factor objectively impeded his ability to comply with Texas's procedural rule." Moore v. Quarterman, 534 F.3d at 454. In order to demonstrate actual prejudice, the petitioner must show "not merely that the errors . . . created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Smith v. Quarterman, 515 F.3d 392, 403 (5th Cir. 2008), quoting Murray v. Carrier, 106 S. Ct. 2639, 2639 (1986).

Alejandro has not alleged, and thus has not established, cause or actual prejudice. Therefore, Alejandro does not qualify for the exceptions, and this claim is procedurally defaulted from federal habeas review.

When a petition includes claims that have been exhausted along with claims that have not been exhausted, it is a "mixed" petition. Historically, federal courts presented with mixed petitions have dismissed the entire petition for failure to exhaust. See Rose v. Lundy, 102 S. Ct. 1198, 1205 (1982); Galtieri v. Wainwright, 582

F.2d 348, 355 (5th Cir. 1978) (en banc).   The AEDPA, however, allows the court, at its discretion, to deny an application for a writ of habeas corpus on its merits even though the application contains unexhausted claims.   28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); Neville v. Dretke, 423 F.3d 474, 482 (5th Cir. 2005).

Because Alejandro's claim contains both exhausted and unexhausted claims, it is a "mixed" petition. See Rose, 102 S. Ct. at 1199. Rather than dismiss the petition, the court will exercise its discretion to adjudicate the exhausted claims on their merits.

**B.   Trial Court Error**

1.   Denying Alejandro's Motion to Suppress

Alejandro contends that the trial court erred when it denied his motion to suppress the evidence retrieved from his vehicle. Fed. Writ Pet. at 7; Pet. Memo at 6-11.   Alejandro claims that the police "lacked reasonable suspicion to stop his person and vehicle."   Fed. Writ Pet. at 7.

Federal habeas relief is not available to a prisoner alleging that "evidence obtained in an unconstitutional search and seizure was introduced at this trial" when the State court has "provided an opportunity for [a] full and fair litigation of a Fourth Amendment claim."   Stone v. Powell, 96 S. Ct. 3037, 3052 (1976).   The Fifth

-12-

Circuit has interpreted an "opportunity for full and fair litigation" to mean just that: "an opportunity." <u>Janecka v. Cockrell</u>, 301 F.3d 316, 320 (5th Cir. 2002) (citing <u>Carver v. Alabama</u>, 577 F.2d 1188, 1192 (5th Cir. 1978)). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a Fourth Amendment claim, <u>Stone v. Powell</u> bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." <u>Id.</u> Only if a defendant can establish by "sufficient factual allegations and proof" that the state's process is "routinely or systematically applied in such a way as to prevent the actual litigation of Fourth Amendment claims on their merits" can the <u>Stone</u> bar be overcome. <u>Williams v. Brown</u>, 609 F.2d 216, 220 (5th Cir. 1980).

Alejandro moved to suppress the evidence in the trial court. (I C.R. at 5-6) The trial court found that the officer had probable cause to search the vehicle and denied the motion. (IV R.R. at 3-4; I C.R. at 8) On appeal Alejandro's attorney filed a brief in accordance with <u>Anders v. California</u>, 87 S. Ct. 1396 (1967), stating that there were no arguable grounds for appeal. Attorney Appellate Brief at 4, <u>Alejandro v. State</u>, No. 14-05-00904-CR (Tex. App. -- Houston [14th Dist.] Feb. 13, 2006). Additionally, the attorney pointed out that because the record was not in compliance with the Texas Rules of Appellate Procedure, he could not argue the motion to suppress issue. <u>Id.</u> To the extent the record was in compliance, the attorney referenced his motion to

suppress argument that he put before the court in his brief filed in Alejandro's appeal of his related conviction of aggravated burglary.  Id.; see Attorney Appellate Brief at 7-9, Alejandro v. State, No. 14-05-00905-CR (Tex. App. -- Houston [14th Dist.] Feb. 13, 2006).  On June 29, 2006, the Court of Appeals affirmed the trial court's judgment and granted counsel's motion to withdraw.  Alejandro v. State, No. 14-05-904-CR (Tex. App. -- Houston [14th Dist.] June 24, 2006) (not designated for publication).

Alejandro filed a pro se motion for rehearing, which the Court of Appeals granted on August 24, 2006.  Alejandro v. State, No. 14-05-904-CR (Tex. App. -- Houston [14th Dist.] Dec. 21, 2006) (not designated for publication).  The court also ordered that its opinion of June 29, 2006, be withdrawn and its judgment vacated. Id.  Alejandro filed a pro se response to counsel's Anders brief. Pro Se Appellate Brief at 7-9, Alejandro v. State, No. 14-05-00904-CR (Tex. App. -- Houston [14th Dist.] Oct. 19, 2006).  In his response Alejandro argued the motion to suppress issue.  Id.  The Court of Appeals, after reviewing the record, counsel's brief, Alejandro's response, and the state's reply, determined again that the appeal was wholly frivolous and without merit.  Alejandro v. State, No. 14-05-904-CR, at 2 (Tex. App. -- Houston [14th Dist.] Dec. 21, 2006) (not designated for publication).  Because the court also found that there was no reversible error in the record and no arguable grounds for review, it affirmed Alejandro's conviction. Id.

-14-

Alejandro then filed a <u>pro se</u> petition for discretionary review.  Appellant's Petition for Discretionary Review, <u>Alejandro v. State</u>, No. PD-0026-07 (Tex. Crim. App. Mar. 16, 2007).  In his petition Alejandro argued the motion to suppress issue.  <u>Id.</u>  The application was refused on August 22, 2007.  <u>Alejandro v. State</u>, No. PD-026-07 (Tex. Crim. App. Aug. 22, 2007).

Alejandro has not established, or even alleged, that the state's process prevented him from the actual litigation of his claim or that he was not given a "full and fair" opportunity to litigate it.  <u>See</u> <u>Stone</u>, 96 S. Ct. at 3052.  Therefore, <u>Stone</u> prohibits this court from considering the claim.

2.    <u>Accepting Alejandro's Guilty Plea</u>

Alejandro alleges that the trial court erred by accepting his guilty plea because it violated the Double Jeopardy Clause of the Fifth Amendment.  Fed. Writ Pet. at 7; Pet. Memo at 11-13.  Specifically, Alejandro contends that because his aggravated burglary offense arose out of the same criminal episode as the possession of a firearm offense and because both crimes contain an identical element, his conviction for both offenses constitutes double jeopardy.  <u>Id.</u>

The double jeopardy clause prohibits a person from twice being prosecuted for the same offense.  U.S. Const. amend. V.  Two offenses are not the "same" for double jeopardy purposes so long as each "requires proof of a fact which the other does not."

-15-

<u>Blockburger v. United States</u>, 52 S. Ct. 180, 182 (1932).  This test is satisfied even if there is a "substantial overlap in the proof offered to establish the crimes."  <u>Brown v. Ohio</u>, 97 S. Ct. 2221, 2226 (1977) (citing <u>Iannelli v. United States</u>, 95 S. Ct. 1284, 1294 n.17 (1975)).

The essential elements of the crime of aggravated burglary are different from the essential elements of the offense of possession of a firearm.  <u>Compare</u> Tex. Penal Code Ann. § 30.02 (Vernon Supp. 2003) <u>with</u> Tex. Penal Code Ann. § 46.04 (Vernon Supp. 2003).[10] Consequently, the set of facts the prosecution needs to prove in order to satisfy all of the elements of aggravated burglary are different from those needed to satisfy all of the elements of possession of a firearm.  Because there was no double jeopardy, the state court's application of federal law was not unreasonable, and Alejandro is not entitled to relief on this ground.

---

[10]The elements of the offense of burglary are:  (1) the entry (2) by a person (3) without the effective consent of the owner (4) of a habitation (5) with intent to commit a felony or theft. <u>Draper v. State</u>, 681 S.W.2d 175, 177 (Tex. App. -- Houston [14th Dist.] 1984); <u>see also</u> Tex. Penal Code Ann. § 30.02 (Vernon Supp. 2003).

The elements of the offense of felon in possession of a firearm are:  (1) a person (2) who has been convicted of a felony (3) possesses (4) a firearm (5) after conviction and before the fifth anniversary of the person's release from confinement following a felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later.  <u>Esparza v. State</u>, No. 10-03-00044-CR, 2004 WL 2005549, at *4 (Tex. App. -- Waco Sept. 8, 2004) (mem. op., not designated for publication);  <u>see also</u> Tex. Penal Code Ann. § 46.04 (Vernon Supp. 2003).

-16-

**C.    Ineffective Assistance of Trial Counsel**

Alejandro alleges that his trial counsel was ineffective for failing to investigate and object to a defective indictment, and for failing to investigate his prior convictions.  Fed. Writ Pet. at 7, 7(b); Pet. Memo at 13-19, 28-33.

"A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently."  Montoya v. Johnson, 226 F.3d 399, 405 (5th Cir. 2000) (citing James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995)).   A petitioner waives all non-jurisdictional defects, including claims of ineffective assistance of counsel, when he voluntarily pleads guilty.  United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000).  An exception to this rule applies when the attorney's ineffectiveness renders the plea involuntary.  Tollet v. Henderson, 93 S. Ct. 1602, 1607-08 (1973) (explaining that when a habeas petitioner has pleaded guilty on the advice of his counsel, "[t]he focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea"); Glinsey, 209 F.3d at 392.

When evaluating whether counsel's ineffectiveness rendered the guilty plea involuntary, the court applies the two-part test announced in Strickland v. Washington, 104 S. Ct. 2052 (1984). Hill v. Lockhart, 106 S. Ct. 366, 370 (1985).  First, the petitioner must show that counsel's performance was deficient. Hill, 106 S. Ct. at 370; Strickland, 104 S. Ct. at 2064.  In the context of a guilty plea, this means the petitioner must

-17-

demonstrate that counsel's representation fell below an objective standard of reasonableness.  <u>See</u> <u>Hill</u>, 106 S. Ct. at 369-70.  The petitioner must next show that counsel's deficient performance prejudiced the petitioner.  <u>Hill</u> 106 S. Ct. at 370; <u>Strickland</u>, 104 S. Ct. at 2064.  This means that the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  <u>Hill</u>, 106 S. Ct. at 370.  If the petitioner makes an insufficient showing on one prong of the test, the court need not address the other.  <u>Strickland</u>, 104 S. Ct. at 2069.  The petitioner bears the burden of proof in an ineffective assistance of counsel claim.  <u>Alexander v. McCotter</u>, 775 F.2d 595, 602 (5th Cir. 1985).  Additionally, a fair assessment of attorney performance requires that every effort must be made to eliminate "the distorting effects of hindsight."  <u>Id.</u>

    1.   <u>Failure to Investigate or Object to the Defective Indictment</u>

Alejandro alleges that his counsel was ineffective for failing to object to the indictment's being defective.  Fed. Writ Pet. at 7, 7(b); Pet. Memo at 13-19, 28-30.  Specifically, Alejandro asserts that his indictment was defective under Texas Code of Criminal Procedure, articles 21.01, 21.02, and 21.24 because the dates of conviction listed for his prior offenses were incorrect, because he "does not recall" his prior DWI conviction, and because the indictment improperly charged more than one offense.  <u>See</u> Tex.

Code Crim. Proc. Ann. arts. 21.01, 21.02, 21.24 (Vernon 2005); Fed. Writ Pet. at 7; Pet. Memo at 13-19.   He also asserts that the indictment did not purport to charge an offense.   Fed. Writ Pet. at 7(b); Pet. Memo at 28-30.

The court has reviewed the indictment and the Texas statutes and is not persuaded  that there is a legal or factual basis for the conclusion that the indictment was defective.   Therefore, counsel was not deficient for not objecting to it.   Moreover, even if there were a defect, Alejandro has failed to show how he was prejudiced.   Alejandro has not demonstrated, much less alleged, that he would have gone to trial had the indictment not been defective or had his attorney objected to the alleged defects in the indictment.   Additionally, Alejandro has not alleged any special circumstances that would support the conclusion that he placed particular emphasis on the accuracy of the dates of his prior convictions in deciding whether or not to plead guilty. Therefore, because Alejandro has failed to allege the kind of prejudice that is necessary to satisfy the second prong of Strickland, the state habeas court did not unreasonably apply federal law, and he is not entitled to relief on this ground.

2.   Failure to Investigate His Prior Convictions

Alejandro contends that his trial counsel was ineffective because he failed to investigate his prior convictions.   Fed. Writ Pet. at 7(b); see Pet. Memo at 31-32.   Specifically, Alejandro claims that his trial counsel was ineffective because an

investigation into his prior convictions would have demonstrated that they were "documented wrong" in the indictment. <u>Id.</u>

Assuming that Alejandro were able to demonstrate that his attorney was deficient for not investigating this, he does not allege the kind of prejudice that would satisfy the second prong of <u>Strickland</u>. Alejandro has not alleged that he would not have pleaded guilty if his attorney had investigated the dates of the prior convictions and told him they were incorrect. Therefore, the state habeas court did not unreasonably apply <u>Strickland</u>, and Alejandro is not entitled to relief on this ground.

**D.   Motion for an Evidentiary Hearing**

Alejandro has requested an evidentiary hearing (Docket Entry No. 20). The AEDPA governs the granting of an evidentiary hearing. <u>See</u> 28 U.S.C. § 2254(e)(2). Alejandro's claims do not rely on a "new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court," 28 U.S.C. § 2254(e)(2)(A)(i), or on a "factual predicate that could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A)(ii). Similarly, Alejandro has not shown clear and convincing evidence of a constitutional error. <u>See</u> 28 U.S.C. § 2254(e)(2)(B). Therefore, Alejandro's motion for an evidentiary hearing will be denied.

**E.   Motion for Appointment of Counsel**

Alejandro filed a motion requesting the appointment of counsel to help him with the discovery of state court records (Docket Entry

No. 22).   Specifically, Alejandro wants to prove that the dates of the prior convictions listed in his indictment were incorrect, which rendered the indictment defective.   Id. at 2-4.

The Fifth Circuit has held that appointment of counsel to represent a person seeking habeas relief is appropriate when "the interests of justice so require and such person is financially unable to obtain representation." Self v. Blackburn, 751 F.2d 789, 793 (5th Cir. 1985); see 28 U.S.C. § 2254(h); see also 18 U.S.C. § 3006A(a)(2)(B) (2000).

As the court has discussed above, Alejandro's claim that the indictment was defective is without merit.   Alejandro would not benefit from counsel on his ineffective assistance of counsel claims because he has not alleged the kind of prejudice required under Strickland.   It is unclear what benefit supplemental briefing would do to assist the court because the legal principles governing the issues Alejandro raises are settled.   Therefore, Alejandro's motion for the appointment of counsel will be denied.

## F.   Motion for Discovery

Alejandro filed a motion for discovery in order to obtain records of the prior convictions that were used in the indictment (Docket Entry No. 18).

"A habeas petitioner . . . is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 S. Ct. 1793, 1796-97 (1997).   However, the court does have the power to "fashion

-21-

appropriate modes of procedure," including discovery, "as law and justice so require."  Id. at 1797 (citing Harris v. Nelson, 89 S. Ct. 1082, 1088-89 (1969)).

For the reasons stated above, the court does not believe it would be in the interest of law or justice to order discovery since Alejandro's claims are without merit.   Therefore, Alejandro's motion for discovery will be denied.

**G.   Motion for Prehearing**

Alejandro filed a Motion for Prehearing (Docket Entry No. 21). In this motion, Alejandro seems to be requesting an evidentiary hearing and requesting the court to order attorneys to file an affidavit.   The court has denied Alejandro's motion for an evidentiary hearing.   Ordering attorney's to file an affidavit would qualify as discovery, and the court has also denied Alejandro's motion for discovery.   Therefore, Alejandro's motion for a prehearing will be denied.

**H.   Motion to Recall the Mandate**

The court has not issued a mandate in this case.   Therefore, this motion will be denied.

### IV.   Certificate of Appealability

Although Alejandro has not yet requested a Certificate of Appealability ("COA"), the court may deny a COA sua sponte. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per

curiam).  To obtain a COA for claims denied on the merits Alejandro must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 124 S. Ct. 2562, 2569 (2004).  To make such a showing Alejandro must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the issues presented are adequate to deserve encouragement to proceed further. <u>Tennard</u>, 124 S. Ct. at 2569.  When the court denies relief based on procedural grounds and does not reach the petitioner's underlying constitutional claim, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and that they "would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1604 (2000).  For the reasons stated in this Memorandum Opinion and Order, Alejandro has not made a substantial showing of the denial of a constitutional right, nor has he shown that a jurist of reason would debate whether the procedural rulings in this case are correct.  Accordingly, a certificate of appealability will not issue in this case.

## V.  <u>Conclusion and Order</u>

The court **ORDERS** the following:

1.  Alejandro's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

-23-

2.  Alejandro's application to proceed in forma pauperis (Docket Entry No. 8) is **DENIED.**

3.  Respondent Quarterman's Motion for Summary Judgment (Docket Entry No. 16) is **GRANTED.**

4.  Alejandro's Motion for Discovery (Docket Entry No. 18) is **DENIED.**

5.  Alejandro's First Motion for an Extension of Time to Respond to Respondent's Answer (Docket Entry No. 19) is **MOOT.**

6.  Alejandro's Motion for Evidentiary Hearing (Docket Entry No. 20) is **DENIED.**

7.  Alejandro's Motion for Prehearing (Docket Entry No. 21) is **DENIED.**

8.  Alejandro's Motion for Appointment of Counsel (Docket Entry No. 22) is **DENIED.**

9.  Alejandro's Cross-Motion for Summary Judgment (Docket Entry No. 24) is **DENIED.**

10. Alejandro's Motion to Recall the Mandate (Docket Entry No. 25) is **DENIED.**

11. A certificate of appealability is **DENIED.**

**SIGNED** at Houston, Texas, on this the 2nd day of July, 2009.

SIM LAKE
UNITED STATES DISTRICT JUDGE